UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONITA BIGOS F/K/A LEONITA ERICKSON,<br><br>   Plaintiff,<br><br>v.<br><br>SIMM ASSOCIATES, INC.,<br><br>   Defendant. | Case No. 1:21-cv-02570 |

**COMPLAINT**

**NOW COMES** Plaintiff, LEONITA BIGOS F/K/A LEONITA ERICKSON, through undersigned counsel, complaining of Defendant, SIMM ASSOCIATES, INC., as follows:

**NATURE OF THE ACTION**

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers. 15 U.S.C. § 1692(e).

3. The Act regulates interactions between consumer debtors and "debt collector[s]," defined to include any person who "regularly collects … debts owed or due or asserted to be owed or due another." §§ 1692a(5), (6).

4. Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, § 1692e(2)(A); communicating with consumers at an "unusual time or place" likely to be inconvenient to the consumer, §

1

1692c(a)(1); or using obscene or profane language or violence of the threat thereof, §§ 1692d(1), (2). *See* generally §§ 1692b-1692j; *Heintz v. Jenkins*, 514 U.S. 291, 292-293, 115 S. Ct. 1489, 131 L. ed. 2d 395 (1995).

5. The Act is enforced through administrative actions and private lawsuits. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 577, 130 S. Ct. 1605 (2010).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. LEONITA BIGOS F/K/A LEONITA ERICKSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 743 East Maple Street, Lombard, Illinois 60148.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. SIMM ASSOCIATES, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Delaware.

11. Defendant maintains a principal place of business at 800 Pencader Drive, Newark, Delaware 19702.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

13. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

---

[1] **About SIMM Associates:** SIMM Associates is a family owned and operated financial services business assisting clients as accounts receivable management specialists. Founded in 1991, the SIMM Associates team has more than 25 years experience providing award-winning compliant collection services. https://www.simmassociates.com/about-our-team-simm-associates/ (last accessed May 12, 2021).

**GENERAL ALLEGATIONS**

14. The statute of limitations for written contracts and debts is ten years.

15. The statute provides further: "if any payment or new promise to pay has been made, in writing … within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay." 735 ILCS 5/13-206.

16. That is, a new payment or written promise to pay starts a new ten-year clock.

17. The five-year limit of 735 ILCS 5/13-205 seems to apply if the plaintiff-debt collector does not have written proof of the debt.

18. Illinois courts hold that a new promise to pay will also start a new five-year clock under this statute.

**FACTUAL ALLEGATIONS**

19. Bill Me Later® was a convenient and secure payment method designed for purchasing on the web.

20. As a credit account, Bill Me Later® provided consumers with the flexibility to purchase without using their credit card.

21. On November 11, 2011, Plaintiff received an offer of credit from Bill Me Later®--offered by Synchrony Bank.

22. Plaintiff accepted the terms and conditions by utilizing the credit for personal and household purchases.

23. Plaintiff failed to make the minimum payment due under the Synchrony Bank "charged-off" the Account on November 17, 2013.

24. On or around December 15, 2020, Synchrony Bank assigned the Account for collection.

25. Defendant mailed Plaintiff a letter, dated December 15, 2020 (the "Letter"), which stated:

CURRENT CREDITOR: Synchrony Bank  ORIGINATION DATE: 11/11/2011
SERVICER: Bill Me Later Inc.  CHARGED OFF: 11/17/2013
BALANCE: $521.70
ACCOUNT: xxxxxxxxxxxxxxxx8494

Dear LEONITA BIGOS F/K/A LEONITA ERICKSON,

Your PAYPAL CREDIT Account has been forwarded to this office for collections. This is a formal demand upon you for your payment of this debt; however, we will accept an amount less than your current outstanding balance to settle the account in full.

We are presenting you with two options that will enable you to avoid further collection activity.

Option I: Pay ONE PAYMENT of $234.77 that must be received in this office on 01/29/2021.

Option II: Pay TWO PAYMENTS of $143.47 each that must be received in this office. Please contact our office at (866) 572-8797 or via email at CustomerService.PayPal@simmassociates.com to select due dates or if you need more details specific to this offer.

If you cannot take advantage of one of the above settlement options then we'd like to offer you a monthly payment plan suited for your unique financial situation. Please call or email us to inquire.

We have no obligation to renew this offer.

By resolving this matter, you will make continued collection efforts unnecessary. Our demand for payment does not affect your right to dispute this debt.

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,
SIMM Associates
(866) 572-8797

26. The $521.70 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. The statute of limitations for suing to collect on the Account had run.

29. The Letter *did not* inform Plaintiff that the effect of making (or agreeing to make) a partial payment on a time-barred debt is to revive the statute of limitations for enforcing that debt.

## DAMAGES

30. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

31. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

32. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

33. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

34. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a

misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

35. Here, Defendant failed to comply with its obligation to provide substantive important and material information; instead, deceptively seeking payment from Plaintiff.

36. In doing so, Defendant presented an appreciable risk of harm to the underlying concrete interests that Congress sought to protect by enacting the FDCPA.

37. Although Plaintiff did not pay a portion of the debt (which could have caused Plaintiff to unknowingly and unwittingly restart the statute-of-limitations) as a result of Defendant's actions, misleading communications concerning the enforceability of a debt create a substantial risk that such harms will occur, especially when viewed through the lens of the "unsophisticated consumer" as required by the FDCPA.

38. These are precisely the types of risks that flow from the misrepresentation of a consumer's legal rights that Congress sought to address in the FDCPA.

39. Concerned with having had her rights violated, Plaintiff sought counsel—expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

6

  (2)  The false representation of—

    (A)  the character, amount, or legal status of any debt.

  (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

42.  Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

43.  Defendant clearly made "offers" to settle Plaintiff's $521.70 balance with savings. However, they failed to include any indication that collection of Plaintiff's $521.70 balance is time-barred or that payment (or promise of payment) on Plaintiff's $521.70 balance could revive the statute of limitations.

44.  Accordingly, Seventh Circuit precedent suggests that, as a matter of law, the Letter was misleading; violating 15 U.S.C. §§ 1692e(2)(A), e(10) and f because they were silent about the significant risk of losing the protection of the statute of limitations. *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014).

45.  Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

  (1)  any actual damage sustained by such person as a result of such failure;

  (2)

    (A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

7

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f;

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 12, 2021                     Respectfully submitted,

**LEONITA BIGOS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com